**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

Civil Action No. <u>  3:25-cv-00168-MPB-CSW  </u>
(To be supplied by the Court)

Steven E. Mackey Jr., Pro 'per

Plaintiff(s)

v.

Danny Mitchell- Warden of Branchville Correctional Facility

Diane Pfeiffer- Grievance Specialist/program Coor.2

Matthew Brown-Grievance responder

Justin Latini- sergeant

J. Noble- captain

J. Simpson- Lt.

Charles Davis-Grievance responder

Sgt. Smith

Sgt. Faulkner

Nina Hummel-Grievance responder

Richard Wright- Medical Director

Kayleigh Ash- Nurse

Melissa Overstreet- Registered nurse

Marla Hoke- nurse

Karen Casey- nurse

Sara Gatwood- practitioner nurse

Centurion Healthcare and Service LLC et. Al

Centurion Insurance Company LCC et. al

Defendant(s)

<div style="border:1px solid red;">

**FILED**

**07/22/2025**

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

</div>

Witness(s)

Kelly Latini- nurse

Marion T. Haywood- Inmate

Dale Perkins- Inmate

Tayvon Williamson – Inmate

All camera footeage from all incidents

B. Hawkins- Sgt.

Amy I. Johnson- nurse

Mrs. R. Tyree/Masterson-officer

## PRISONER CIVIL COMPLAINT

### I. PARTIES

**A. Plaintiff's Information**

Name and Prisoner Number of Plaintiff: Steven E. Mackey Jr. #133440

Present Place of Confinement or Mailing Address: 21390 old state rd. 37, Branchville, Indiana 47514

Name of Defendant 1: Danny Mitchell

Title (if applicable): Warden of Branchville Correctional Facility

Address of Defendant: 21390 old state rd. 37, Branchville, Indiana 47514, at the time of the incident relevant was employed by BCF for IDOC.

Name of Defendant 2: Diane Pfeiffer

Title (if applicable): Grievance Specialist/program Coor.2

Address of Defendant: 21390 old state rd. 37, Branchville, Indiana 47514, at the time of the incident relevant was employed by BCF for IDOC.

Name of Defendant 3: Matthew Brown

Title (if applicable): Grievance responder

Address of Defendant: 21390 old state rd. 37, Branchville, Indiana 47514, at the time of the incident relevant was employed by BCF for IDOC.

Name of Defendant 4: Justin Latini- sergeant

Title (if applicable): sergeant

Address of Defendant: 21390 old state rd. 37, Branchville, Indiana 47514, at the time of the incident relevant was employed by BCF for IDOC.

Name of Defendant 5: J. Noble

Title (if applicable): captain

Address of Defendant: 21390 old state rd. 37, Branchville, Indiana 47514, at the time of the incident relevant was employed by BCF for IDOC.

Name of Defendant 6: J. Simpson

Title (if applicable): Lt.

Address of Defendant: 21390 old state rd. 37, Branchville, Indiana 47514, at the time of the incident relevant was employed by BCF for IDOC.

Name of Defendant 7: Charles Davis

Title (if applicable): Grievance responder

Address of Defendant: 21390 old state rd. 37, Branchville, Indiana 47514, at the time of the incident relevant was employed by BCF for IDOC.

Name of Defendant 8: Sgt. Smith

Title (if applicable): Sergeant

Address of Defendant: 21390 old state rd. 37, Branchville, Indiana 47514, at the time of the incident relevant was employed by BCF for IDOC.

Name of Defendant 9: Sgt. Faulkner

Title (if applicable): Sergeant

Address of Defendant: 21390 old state rd. 37, Branchville, Indiana 47514, at the time of the incident relevant was employed by BCF for IDOC.


Name of Defendant 10: Nina Hummel

Title (if applicable): Grievance Responder

Address of Defendant: 21390 old state rd. 37, Branchville, Indiana 47514, at the time of the incident relevant was employed by BCF for IDOC.

Name of Defendant 11: Richard Wright

Title (if applicable): Medical Director

Address of Defendant: 21390 old state rd. 37, Branchville, Indiana 47514, at the time of the incident relevant was employed by BCF for IDOC.

Name of Defendant 12: Kayleigh Ash

Title (if applicable): Nurse

Address of Defendant: 21390 old state rd. 37, Branchville, Indiana 47514, at the time of the incident relevant was employed by BCF for IDOC.

Name of Defendant 13: Melissa Overstreet

Title (if applicable): Registered nurse

Address of Defendant: 21390 old state rd. 37, Branchville, Indiana 47514, at the time of the incident relevant was employed by BCF for IDOC.

Name of Defendant 14: Marla Hoke

Title (if applicable):  nurse

Address of Defendant: 21390 old state rd. 37, Branchville, Indiana 47514, at the time of the incident relevant was employed by BCF for IDOC.

Name of Defendant 15: Karen Casey

Title (if applicable):  nurse

Address of Defendant: 21390 old state rd. 37, Branchville, Indiana 47514, at the time of the incident relevant was employed by BCF for IDOC.

Name of Defendant 16: Sara Gatwood

Title (if applicable): Practitioner nurse

Address of Defendant: 21390 old state rd. 37, Branchville, Indiana 47514, at the time of the incident relevant was employed by BCF for IDOC.

Name of Defendant 17: Centurion Healthcare and Service LLC/ Centurion Insurance Company LLC. et. al

Title (if applicable): Company

Address of Defendant: 21251 Ridgetop Cir., Suite 150, Sterling, Va. 20166, at the time of the incident relevant was employed by BCF for IDOC.

**Address of Witness(s)**

Name of Witness 1: Kelly Latini

Title (if applicable):  nurse

Address of Defendant: 21390 old state rd. 37, Branchville, Indiana 47514, at the time of the incident relevant was employed by BCF for IDOC.

Name of Witness 2: Amy L. Johnson

Title (if applicable):  nurse

Address of Defendant: 21390 old state rd. 37, Branchville, Indiana 47514, at the time of the incident relevant was employed by BCF for IDOC.

Name of Witness 3: Marion T. Haywood # 202266

Title (if applicable):  inmate

Address of Defendant: 21390 old state rd. 37, Branchville, Indiana 47514, at the time of the incident relevant was housed by BCF for IDOC.


Name of Witness 4: Dale Perkins #893796

Title (if applicable):  inmate

Address of Defendant: 21390 old state rd. 37, Branchville, Indiana 47514, at the time of the incident relevant was housed by BCF for IDOC.


Name of Witness 5: Earl Underwood #286533

Title (if applicable):  inmate

Address of Defendant: 21390 old state rd. 37, Branchville, Indiana 47514, at the time of the incident relevant was housed by BCF for IDOC.


Name of Witness 6: Tayvon Williamson #278118

Title (if applicable):  inmate

Address of Defendant: 21390 old state rd. 37, Branchville, Indiana 47514, at the time of the incident relevant was housed by BCF for IDOC.


Name of Witness 7: Sgt. B. Hawkins

Title (if applicable):  Sergeant

Address of Defendant: 21390 old state rd. 37, Branchville, Indiana 47514, at the time of the incident relevant was employed by BCF for IDOC.


Name of Witness 8: Mrs. R. Tyree/Masterson

Title (if applicable): Custody Officer

Address of Defendant: 21390 old state rd. 37, Branchville, Indiana 47514, at the time of the incident relevant was employed by BCF for IDOC.

**Defendant(s)**

Danny Mitchell- Warden of Branchville Correctional Facility

Diane Pfeiffer- Grievance Specialist/program Coor.2

Matthew Brown-Grievance responder

Justin Latini- sergeant

J. Noble- captain

J. Simpson- Lt.

Charles Davis-Grievance responder

Sgt. Smith

Sgt. Faulkner

Nina Hummel-Grievance responder

Richard Wright- Medical Director

Kayleigh Ash- Nurse

Melissa Overstreet- Registered nurse

Marla Hoke- nurse

Karen Casey- nurse

Sara Gatwood- practitioner nurse

Centurion Healthcare and Service LLC et. Al

Centurion Insurance Company LCC et. al, at all times relevant were acting under color of state law and color of laws of 28 U.S.C. § 1343 (a) (3) AND 18 U.S.C. §§ 241, 242 and are being sued in their individual and official capacity.

**How Many Defendants are you suing**? 17

**Did the event you are suing happen there**? Yes

## II. JURISDICTION

Jurisdiction is invoked pursuant to 28 U.S.C. § 1331. (If you wish to assert jurisdiction under additional statues, you may fill in the title and section below.)

This cause of action is brought pursuant to 42 U.S.C § 1983 (applies to state prisoners) filed by the plaintiff Steven E. Mackey Jr. alleging violation of his 4th, 8th, 14th amendment rights along with Ind. Const. art. 1§1, 1§11, 1§12, 1§15, 1§16, guaranteed him by the United States Constitution and seeking injunctive relief and Monetary damages.

- **Jurisdiction of the court is invoked, pursuant to 28 U.S.C.** § 1343 (a) (3) in that this action seeks to redress the deprivation, under color of state law of rights secured by Acts of congress providing for equal rights of the persons within the jurisdiction of the United States.

- **Jurisdiction of the court is invoked, pursuant to 18 U.S.C.** § 241, in that if two or more persons conspire to injure, oppress, threaten, or intimidate any person in any way state, territory, commonwealth, possession, or District in the free exercise of enjoyment of any right or privilege secured to him by the Constitution of laws of the United States, or because of having so exercised the same.

- **Jurisdiction of the court is invoked, pursuant to 18 U.S.C. § 242,** in that whoever under color of law, statute, ordinance, regulation, or customs, willfully subjects any persons in any state, territory, commonwealth, possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens.

### III. NATURE OF THE CASE

1. **Grievance 1: id number 24-176428** this grievance is based on March 22nd, 2024, at approximately, between 4:25 pm to 4:40 pm. I, the plaintiff, Steven E. Mackey Jr, slipped and fell on some water on the floor on camera in A-dorm dayroom. The water was consumed by a section of the floor where there was missing tile, which is a security hazard, so water was absorbing in this particular area and surrounding spots on a constant bases. Branchville correctional facility has hot water pots attached to a wall and use mop buckets to attempt to hold the access water, if possible. After I was headed to utilize the microwave, which is not a foot apart from the hot water pot, I slipped in an area full of water. Defendant Sgt. Justin Latini, watched the injury incident, along with officer, Ms. Jones, (which, off. Jones is not employed currently), and failed to assist the plaintiff as a duty of the policy and procedures of the I.D.O.C under 04-03-103 standard of conduct. The defendants was witnessed laughing at the plaintiff by other incarcerated individuals and on the camera. There was not a wet floor sign placed in position, plus, the wet floor signs were used at the moment to hold up a piece of ply wood in the utility closet, so if moved, it would have caused another security hazard in the utility closet. The plaintiff was so embarrassed, he felt neglected by staff after failure to protect the plaintiff. The plaintiff noticed a crack in his lower back, and pain in his right buttocks all the way down to his right knee cap as he was falling.  After the defendants failed to assist the plaintiff, without a sign of concern shown on camera by the defendants, the plaintiff made the decision to help himself back to the table to place his food that was dropped in the process of cooking, back on the table and the plaintiff proceeded to the OIC desk and requested the defendant Justin Latini to contact the medical department for his injury immediately. Due to the inappropriate behavior, by gestures, languages, and laughter by defendant Sgt. Justin Latini, he is in clear violation of I.D.O.C policy and procedures 04-03-103. After filing this grievance no action was taken by the administration staff on the behalf of Sgt. Justin Latini for his negligence and standard of conduct for at least a disciplinary action under 4-15-2.2-24. His actions were disrespectful, derogatory, insubordinate, which

caused physical, mental/psychological coercion to the plaintiff. Also, the defendant violated the plaintiff's rights under the 8th of the U.S and Due process clause under the 14th amendment and Ind. Const. art 1§1, 1§12, 1§15, 1§16, and 28 U.S.C. § 1343 (a) (3), 42 U.S.C. §§ 1985 and 1986.

2. **On** April 22nd, 2024, the defendant Diane Pfeiffer, grievance specialist responded to the formal grievance. On May 13th, 2024, was the date for the grievance specialist, Diane Pfeiffer was supposed to respond, but she was a day late responding on May 14th, 2024. Defendant, Pfeiffer, stated in her response, making allegations about how I, the plaintiff did not fall, but instead I slipped, but she failed to relief my grievance matter. Also, the defendant stated in her report by comment, that defendant Justin Latini did see the plaintiff fall and potentially injury himself. Plus the defendant, Pfeiffer, is not a medical expert to justify my pain nor my injury by video footage as a grievance specialist. So acknowledging the defendant agreeing with the actions that took place by defendant Justin Latini, places defendant Pfeiffer in violation of I.D.O.C's policy and procedures of 02-04-101 and 04-03-103 neglect of duty, failure to properly investigate, standard of conduct sect. (d) (g) (j) (k) (m), code of ethics, insubordinate behavior, insubordination, misconduct, general information, violation of I.C 4-15-2.2-24,training. Violation of the 1st and 14th amendment of the U.S.C, and Ind. Const. Art.1§1,1§3,1§9,1§12 freedom of speech, by petitioning the government based on grievance, and failure to protect matter on public concern in grievance when the plaintiff expressed his views on the incident. Violation of the 8th and 14th amendment of the U.S.C. and Ind. Const. Art 1§1, 1§12, 1§15, 1§16 by cruel and unusual punishment by making plaintiff exhaust all remedies to potentially seek relief. But, eventually was rejected by the administrator, by voicing his/plaintiff's injury to the proper grievance specialist for the said defendant Justin Latini after violating particular state statutes, by committing fraud, by inflicting physical and mental pain, intentionally, violating safety concerns, verbal abuse, failure to protect, deliberate indifferences towards inmate against staff, concurrent negligence, negligence in law, improper state of mind, subjective recklessness, failure to reasonable abate the risk, reckless disregard, deprivation, inhumane conditions, conditions of confinement, substantial risk of harm,

and violation of 28 U.S.C. § 1343 (a) (3) under the color of state law, and the 42 U.S.C. §§ 1985 and 1986 by discrimination of persons incarceration status verses staff being a employed coworker.

3. **Captian J. Noble**, a defendant, was contacted allegedly, by the grievance specialist, defendant Diane Pfeiffer, and Captain Noble stated there was no involvement in negligence nor indifferences in the actions of his fellow officers and administrative staff. Which is clearly erroneous for him to state, when the captain failed to acknowledge the actions engaged by his fellow coworkers, if he, had properly took the investigation into consideration by policy guidelines and law. By the failure of the defendant Justin Latini, and Diane Pfeiffer, Captain Noble statement, which is insufficient, and do not support the facts of the incident, but nevertheless, the conclusion of the defendant, Diane Pfeiffer's statement. The defendant Captain Noble concurred with the statement given by previous staff is clearly a violation of I.D.O.C's policy and procedures of 02-04-101 and 04-03-103 neglect of duty, failure to properly investigate, standard of conduct sect (d) (g) (j) (k) (m), code of ethics, insubordinate behavior, insubordination, misconduct, general information, violation of I.C 4-15-2.2-24, training. Violation of the 1st and 14th amendment of the U.S.C, and Ind. Const. Art.1§1,1§3,1§9,1§12 freedom of speech, by petitioning the government based on grievance, and failure to protect matter on public concern in grievance when the plaintiff expressed his views on the incident. Violation of the 8th and 14th amendment of the U.S.C. and Ind. Const. Art 1§1, 1§12, 1§15, 1§16 by cruel and unusual punishment by making plaintiff exhaust all remedies to potentially seek relief. For violating particular state statutes. By committing fraud. By inflicting physical and mental pain, intentionally. Violating safety concerns, verbal abuse, failure to protect, deliberate indifferences towards inmate against staff, concurrent negligence, negligence in law, improper state of mind, subjective recklessness, failure to reasonable abate the risk, reckless disregard, deprivation, inhumane conditions, conditions of confinement, substantial risk of harm, and violation of 28 U.S.C. § 1343 (a) (3) under the color of state law, and the 42 U.S.C. §§ 1985 and 1986 by discrimination of persons incarceration status verses staff being a employed coworker.

4. On the grievance 24-176428, the slip and fall incident, written at the bottom of grievance is Lt. J. Simpson name, so there was a statement given by him which is not in my filing possession at this time until additional information is subpoenaed.

5. On April 22nd, 2024, defendant Charles Davis, Grievance responder, stated plaintiff's grievance was expected for this cause of action. Which as the 1st reviewing staff of this process places him in violation of the plaintiff's 28 U.S.C. § 1343 (a) (3) under the color of state law.

6. Also, on July 3rd, 2024, which is approximately forty- five (45) days over pass due date, which is a sign of negligence. Matthew Brown, grievance responder, defendant, stated he concurred with the facility after reviewing this incident of the slip and fall matter, and stated this grievance was unsubstantiated based on claims of the plaintiff's injuries. Which places him in violation of I.D.O.C's policy and procedures of 02-04-101 and 04-03-103 neglect of duty, failure to properly investigate, standard of conduct sect (d) (g) (j) (k) (m), code of ethics, insubordinate behavior, insubordination, misconduct, general information, violation of I.C 4-15-2.2-24, training. Violation of the 1st and 14th amendment of the U.S.C, and Ind. Const. Art.1§1,1§3,1§9,1§12 freedom of speech, by petitioning the government based on grievance, and failure to protect matter on public concern in grievance when the plaintiff expressed his views on the incident. Violation of the 8th and 14th amendment of the U.S.C. and Ind. Const. Art 1§1, 1§12, 1§15, 1§16 by cruel and unusual punishment by making plaintiff exhaust all remedies to potentially seek relief. For violating particular state statutes. By committing fraud. By inflicting physical and mental pain, intentionally. Violating safety concerns, verbal abuse, failure to protect, deliberate indifferences towards inmate against staff, concurrent negligence, negligence in law, improper state of mind, subjective recklessness, failure to reasonable abate the risk, reckless disregard, deprivation, inhumane conditions, conditions of confinement, substantial risk of harm, and violation of 28 U.S.C. § 1343 (a) (3) under the color of state law, and the 42 U.S.C. §§ 1985 and 1986 by discrimination of persons incarceration status verses staff being a employed coworker.

7. On May 14th 2024, Danny Mitchell, warden/ defendant received grievance appeal and stated that he concur with all staff during this process to uphold the violations of the

plaintiff's on rights of I.D.O.C's policy and procedures of 02-04-101 and 04-03-103 neglect of duty, failure to properly investigate, standard of conduct sect (d) (g) (j) (k) (m), code of ethics, insubordinate behavior, insubordination, misconduct, general information, violation of I.C 4-15-2.2-24,training. Violation of the 1st and 14th amendment of the U.S.C, and Ind. Const. Art.1§1,1§3,1§9,1§12 freedom of speech, by petitioning the government based on grievance, and failure to protect matter on public concern in grievance when the plaintiff expressed his views on the incident. Violation of the 8th and 14th amendment of the U.S.C. and Ind. Const. Art 1§1, 1§12, 1§15, 1§16 by cruel and unusual punishment by making plaintiff exhaust all remedies to potentially seek relief. For violating particular state statutes. By committing fraud. By inflicting physical and mental pain, intentionally. Violating safety concerns, verbal abuse, failure to protect, deliberate indifferences towards inmate against staff, concurrent negligence, negligence in law, improper state of mind, subjective recklessness, failure to reasonable abate the risk, reckless disregard, deprivation, inhumane conditions, conditions of confinement, substantial risk of harm, and violation of 28 U.S.C. § 1343 (a) (3) under the color of state law, and the 42 U.S.C. §§ 1985 and 1986 by discrimination of persons incarceration status verses staff being a employed coworker.

**CONTINUING PROCESS OF PLAINTIFF'S INJURY:**

8. On the day of the incident, at approximately 5:52pm, on March 22nd, 2024, defendant, nurse, Kayleigh Ash, (which is not employed at the BCF at the current moment of this civil suit), assisted, I, the plaintiff, upon my request after being sent to medical for examination on injuries, completed vitals as protocol. Defendant Kayleigh did not properly address my pain in a professional and concerned manner. I, the plaintiff, stated my pain was at the moment, an 8 out of 10 by the incident just occurred. Also, stated, the pain was consistent and constant. Defendant nurse Kayleigh, did not specifically refer the plaintiff to be seen by the practitioner nurse, which shall have been the idea, acknowledging the better educational judgement by determinations towards the plaintiff's injury for a later, schedule to be placed on a doctors list for x rays. Nor did the defendant seek for a wheelchair, crutches, or; there was not a grievance filed on Kayleigh Ash for general purposes, thinking to myself, that it was not anything further to do, but, I was later proven wrong, by assistance of other nurses, and after discovering more intensive pains to my person, and I received further treatment by different nurses which are the

witnesses on this process of this suit. The inflicted pains and negligence on the plaintiff's physical and mental being, intentionally, by the defendant, rendered, a violation of safety concerns, verbal abuse, failure to protect, concurrent negligence, negligence in law, improper state of mind, subjective recklessness, failure to reasonable abate the risk, reckless disregard, deprivation, inhumane conditions, conditions of confinement, substantial risk of harm by the defendant Kayleigh Ash, has rendered a violation of the plaintiff's 8th and 14th amendment of the U.S.C. and Ind. Const. Art 1§1, 1§12, 1§15, 1§16 by cruel and unusual punishment, and violation of 28 U.S.C. § 1343 (a) (3) under the color of state law by failing to observe the plaintiff's reasons of injury and to properly assist him with the required essentials due to an bodily injury and depriving the plaintiff under the color of state law. Also, the defendant here, is in violation of 04-03-103 policy and administrative procedures on neglect of duty, failure to properly investigate, standard of conduct sect (d) (g) (j) (k) (m), code of ethics, insubordinate behavior, insubordination, misconduct, general information, violation of I.C 4-15-2.2-24, training by being an employee of the I.D.O.C and Centurion Healthcare.

9. On March 23rd, 2024, overnight, I the plaintiff, was seen by medical nurse Kelly Latini, which is a witness, after I, the plaintiff had a medical emergency for chest pain from anxiety and blood pressure matters which is a history of the plaintiff, due to the lack of sleep and being on a top bunk in housing unit that was not supportive towards my back pain or the pains inside my right leg after the injury that occurred on march 22nd, 2024. I, the plaintiff, was relieved by the nurse, Latini, as she noticed my injury was so severe, to my back pain that I could not properly lay down on the E.K.G machine to run a test for cardiac matters as protocol on the chest pain. So, Latini, took it in consideration to give the plaintiff as needed, an ice/hot pack which can only be given by medical, in medical, for three (3) days lay-in. also, Tylenol was prescribed twice a day for pain and swelling in lower back. The plaintiff was relieved by Nurse Latini for chest pains and his pain from his back and leg injuries that particular night, placed in the system to be seen by the provider or doctor at the facility, (which is recorded in a report that the plaintiff Mackey is issued a wheelchair, hot/cold packs as needed and Tylenol for pain twice a day. Due to the fact that the plaintiff religious

preference as a "Sunni Muslim", it was the sacred month of "Ramadan" where Muslims fast from daylight till sundown. So, the plaintiff, could not during the day, take medication. The hot/cold pack as needed was the only relief the plaintiff could seek during the day for the next day process after the plaintiff was relieved by nurse Latini.

Grievance 2: id number 24-176460, **CONTINUING PROCESS OF PLAINTIFF'S INJURY:**

**10.**

I, the plaintiff filed a grievance on March 24th, 2024, on the defendant, nurse- Karen Casey. From 11:00 am to 1:00 pm, I, the plaintiff was sent to medical for the treatment as needed for the hot/cold pack because the plaintiff's religious reason is why he could not consume medication within those hours from sun up to sun down. The defendant, nurse Karen Casey, at around or about 5:07PM she took it in her personal opinion to not allow me to come back down to medical to receive my issuance of hot/cold pack for pain. Approximately, (4) hours later, from 11:00 am, the time I, the plaintiff was in medical. I, the plaintiff as needed, requested the OIC desk officer, which is Sgt. B. Hawkins (which is a witness in this suit) to contact medical for my back pains and let them know that I need to place the hot/cold pack on my back and I cannot lay down in housing unit because I, the plaintiff, sleeps on the top bunk, which causing the plaintiff to remain in the uncomfortable wheelchair, that was the only wheelchair available when nurse Latini issued it the night before this matter, which was causing the plaintiff's legs to cut off circulation at times because there was no cushion in seat which caused the metal bar underneath the seat to cause more pain. The defendant, Nurse Karen Casey, she took it in her personal opinion to not allow me to come back down to medical to receive my issuance of hot/cold pack for pain. Which the hot/cold pack and relaxation by using the bed in the medical infirmary area, which soothed the pain until the plaintiff was able to break his fast for his religious matters, to take pain medication. I, the plaintiff was assisted by another nurse Amy. L. Johnson, (which is a witness of the plaintiff during this suit), during the shift of defendant Karen Casey actions which camera footage would show the proper treatment that was given by the witness from 11:00 am to 1:00 pm. Ms. Johnson stated to come back down to medical as needed if pain increases. Which about around 5:07 pm, I requested the Sgt. Hawkins to contact medical and once he made

contact, the defendant nurse Karen Casey, stated that she was too busy to assist me and try back in a hour and a half after 6:00 pm shift change. There was (4) hour difference in between the time from which the plaintiff was last seen by medical to the time he requested staff to contact medical for further assistance, which by failure to assist places defendant, nurse Karen Casey, in violation of mal practice, violation of 8th and 14th amendment of the U.S.C. and Ind. Const. Art 1§1, 1§12, 1§15, 1§16 by cruel and unusual punishment, and violation of 28 U.S.C. § 1343 (a) (3) under the color of state law by failing to observe the plaintiff's reasons of injury and to properly assist him with the required essentials due to an bodily injury and depriving the plaintiff under the color of state law. Also, the defendant here, is in violation of 04-03-103 policy and administrative procedures on neglect of duty, failure to properly investigate, standard of conduct sect (d) (g) (j) (k) (m), code of ethics, insubordinate behavior, insubordination, misconduct, general information, a violation of I.C 4-15-2.2-24. Also, training by being an employee of the I.D.O.C and Centurion Healthcare.

11. On April 22nd, 2024, Defendant, Diane Pfeiffer, received, the plaintiff's grievance.

12. On May 13th, 2024, Defendant, Diane Pfeiffer, responded to the grievance stating that she was aware that Sgt. Hawkins (witness) clarified that defendant Nurse Karen Casey had refused the plaintiff's medical request without a reasonable excuse. By failing to observe the plaintiff's reasons of injury and to properly assist him with the required essentials due to a bodily injury and depriving the plaintiff, violated the 8th and 14th amendment of the U.S.C. and Ind. Const. Art 1§1, 1§12, 1§15, 1§16 by cruel and unusual punishment, and violation of 28 U.S.C. § 1343 (a) (3) under the color of state law, and also, violating the policies of the I.D.O.C 04-03-103, 4-15-2.2-24 and grievance process.

13. On April 22nd, 2024, defendant Charles Davis, also witnessed the plaintiff's grievance process.

14. On May 15th, 2024, I, the plaintiff, filed a grievance appeal.

15. On July 3rd, 2024, the defendant Matthew Brown, concurred with the refusal by the medical assist, and with others whom conspired to believe intentionally, that it was accepted or necessary to deprive the plaintiff without an interest of his rights. On the grievance response by the defendant, Diane Pfeiffer, she stated that the medical director was already indecisive about my medical needs and the actions of his medical staff, which no actions were taken, nor relief given to the plaintiff by said defendant(s). which places him in violation of the 28 U.S.C. § 1343 (a) (3) under the color of state law and by failure to assist the plaintiff, violated the 8th and 14th amendment of the U.S.C. and Ind. Const. Art 1§1, 1§12, 1§15, 1§16 by cruel and unusual punishment, by failing to observe the plaintiff's reasons of injury and to properly assist him with the required essentials due to an bodily injury and depriving the plaintiff, and also, violating the policies of the I.D.O.C 04-03-103, 4-15-2.2-24 and grievance process.

16. On May 14th, 2024, Defendant Danny Mitchell-warden, concurred with all staff during this process to uphold the violations of the plaintiff's rights on May 14th, 2024. Which places the defendant also, in violation of 28. U.S.C. § 1343 (a) (3) by conspiring with others under the color of state law, by failing to observe the plaintiff's reasons of injury and to properly assist him with the required essentials due to an bodily injury and depriving the plaintiff which violated the 8th and 14th amendment of the U.S.C. and Ind. Const. Art 1§1, 1§12, 1§15, 1§16 by cruel and unusual punishment, and also, violating the policies of the I.D.O.C 04-03-103, 4-15-2.2-24 and grievance process.

17. After the plaintiff's injury on March 22nd, 2024, the record will show how long the process took for the plaintiff to be given just a three (3) day bottom bunk lay in until March 29th, 2024, and the wheel chair was also returned while injury barely was healing, nor did the plaintiff, recieve a (M.R.I.) to find out if there was any tissue or nerves damaged. Which on March 25th, 2024, the plaintiff was then assigned a bottom bunk lay in by (witness-Kelly Latini-Nurse). The plaintiff suffered pain with injury for three (3) days, without medication throughout the daytime for those three (3) days because of his religious preferences, and was treated unfair during his injury and continued throughout his grievance process by not only, the medical department, but also by the administrative department with custody.

**Grievance 3: id number 24-176158, continuation of injury**

18. On March 24, 2024, after shift change at 6:00 pm, I, the plaintiff, by force of compliance of the institution, I, the plaintiff, requested another defendant. Sgt. Smith to call down to medical for my pain issue, and that I have been waiting on this particular shift to start to be released down to medical to be seen, and the defendant Sgt. Smith stated, he was already advised not to allow me down there, and that he was not calling medical unless it was a medical emergency. I, the plaintiff was told by previous shift Sgt. Hawkins, to wait until after shift change to go to medical. So as I the plaintiff waited in this uncomfortable wheelchair without cushion to support a person seated in the chair, I, the plaintiff's blood circulation begins to numb my leg to my back down to my foot. So knowing that during this 6:00 pm shift change process, I, the plaintiff was also getting ready to be sent out to the M.P.B Building which is attached to the medical department here at Branchville correctional facility, for the (Muslim Ramadan sacks for dinner), which after the defendant, Sgt. Smith, made his statement to the plaintiff, all units were signaled to send all dorms out for Ramadan dinner sacks. So, I the plaintiff, took it in my duty to go inside medical while I was close to the office, to politely ask for medical assistance on my back pain to receive the lay in relievers. When I arrived, I, the plaintiff was treated so uncivilized by defendant, Karen Casey-nurse, which the (witnesses) Amy Johnson, and Kelly latini, was present during this dispute. I, the plaintiff was then escorted in restraints by a signal to Sgt. Faulkner, and off. Henning, (which offc. Henning is no longer employed), which this is where the violation of the 4th amendment along with Ind. Const. Art 1§1, 1§11 on the unlawful seizure took place, which this incident was on camera. While sitting in a cell in the restrictive housing unit for approximately two in a half (21/2) hours from 6:45 pm to 8:35 pm, I the plaintiff was in so much pain and overwhelmed with stress and blood pressure. At 7:10 pm to 7:15 pm cameras will

show the plaintiff sitting in restrictive housing, in pain in a wheelchair that was unsupportive. (witness Kelly latini came to do her rounds to pass medication to the restrictive housing unit for the restricted inmates, I, the plaintiff at that time, was able to break my fast from my religious preference to take medication, which was brought to I, the plaintiff without request of this particular nurse, and she stated, "to report to medical" for my hot/ice pack and follow up once I'm released from R.H.U. And that is where Nurse Kelly Latini assigned I, the plaintiff, a botton bunk pass. However; I, the plaintiff was released from R.H.U around 8:26 pm to 8:35 pm. I the plaintiff, was refused again by the same defendant, Sgt. Smith, when I, the plaintiff returned to the plaintiff's housing unit A dorm, for the defendant Sgt. Smith to call down to medical and verify that I, was told by the nurse Kelly Latini, to come down after I, the plaintiff was released from R.H.U. The defendant, Sgt. Smith, stated that he was writing I, the plaintiff a conduct report for unauthorized area, for disobeying his directive, when he stated previously I, the plaintiff was not going to medical, or I should not stop in medical while going to M.P.B building to get Ramadan sack. After about, 9:00 pm, count time, the nurse Kelly Latini made a round to the housing unit where I, the plaintiff was housed, and stated to the defendant, sgt. Smith, to allow I, the plaintiff to come to medical after count is cleared. Which is something again I, the plaintiff stated to the defendant, Sgt J. Smith, but he failed to acknowledge simply because iam an incarcerated individual. On or about 11:30 pm, on March 24, 2024, I, the plaintiff, finally given a bottom bunk lay in pass. I, the plaintiff remained in the unsupportive wheelchair simply that night, because the Medical department here at Branchville Correctional facility did not have enough to relieve. With the plaintiff being treated uncivilized throughout the investigation based on the injury, I, the plaintiff, was not only treated unfair by Sgt. Faulkner, for the unlawful seizure, but also, by Sgt. Smith, for failure to protect and cruel and unusual punishment, this neglect, deliberate indifferences, bias opinions on misinformation on mal practice given of medical staff, defendant Karen Casey,-nurse. Places, both the sgt's in violation of I.D.O.C policy 04-03-103 and the 8th and 14th amendment of the U.S.C along with Ind. Const. art. 1§1, 1§12, 1§15,

1§16, and a violation of the 28 U.S.C. § 1343 (a) (3) under the color of state law, and 42 U.S.C. §§ 1985,1986 under discrimination.

19. I/I (witness) Marion T. Haywood #202266, was my wheelchair pusher. He can witness the entire treatment by the staff/defendants on camera before they gave him a directive to leave on the date of the escorting to R.H.U and the I/I, can witness the verbal dispute and unprofessional conduct by the defendant Karen Casey-nurse, and also, I/I can witness the wheelchair situation where it did not have cushion and the refusal to receive another one after requested several times. I, the plaintiff, was denied my rights under the 8th and 14th amendment of the U.S.C. and Ind. Const. Art 1§1, 1§12, 1§15, 1§16 by cruel and unusual punishment, and violation of 28 U.S.C. § 1343 (a) (3) under the color of state law by failing to observe the plaintiff's reasons of injury and to properly assist him with the required essentials due to an bodily injury and depriving the plaintiff under the color of state law. Also, the defendant here, is in violation of 04-03-103 policy and administrative procedures on neglect of duty, failure to properly investigate, standard of conduct sect (d) (g) (j) (k) (m), code of ethics, insubordinate behavior, insubordination, misconduct, general information, a violation of I.C 4-15-2.2-24.

20. On April, 18th, 2024, defendant, Charles Davis, accepted plaintiff's grievance. He responded on May 29th, 2024.

21. On April 18th, 2024, the defendant Diane Pfeiffer received grievance, stating that decision was resolved. She responded to grievance on June 17th, 2024. Which she is in violation of the plaintiff's 8th and 14th amendment of the U.S.C. and Ind. Const. Art 1§1, 1§12, 1§15, 1§16 by cruel and unusual punishment, by failure to properly investigate under the grievance policy, and violation of 28 U.S.C. § 1343 (a) (3) under the color of state law. Also, the defendant here, is in violation of 04-03-103 policy and administrative procedures on neglect of duty, failure to properly investigate, standard of conduct sect (d) (g) (j) (k) (m), code of ethics, insubordinate behavior, insubordination, misconduct, general information, a violation of I.C 4-15-2.2-24.

22. On May 13th, 2024, I the plaintiff, filed a grievance appeal.

23. On May 29th, 2024, defendant, Charles Davis responded to the grievance.

24. On June 17th, 2024, defendant Diane Pfeiffer responded stating medical director, defendant, Mr. Richard Wright stated he will discuss the incident with his medical staff. She never stated the issue with the Sgt. Faulkner or Sgt. Smith, and she stated that my medical needs were provided on March 22nd, 2024, the date of the injury, which record of continuation of grievances shows I, the plaintiff, was not provided with the proper medical needs. Which again, places her in violation of the plaintiff's the 8th and 14th amendment of the U.S.C. and Ind. Const. Art 1§1, 1§12, 1§15, 1§16 by cruel and unusual punishment, and violation of 28 U.S.C. § 1343 (a) (3) under the color of state law. Also, the defendant here, is in violation of 04-03-103 policy and administrative procedures on neglect of duty, failure to properly investigate, standard of conduct sect (d) (g) (j) (k) (m), code of ethics, insubordinate behavior, insubordination, misconduct, general information, a violation of I.C 4-15-2.2-24.

25. On March 24th, 2024, Defendant, Diane Pfeiffer, that in my grievance I, the plaintiff, wanted her to do a full investigation, which is not completed, like several other request of the same relief. This places defendant(s), Diane Pfeiffer, Charles Davis, is violation of the 8th and 14th amendment of the U.S.C. and Ind. Const. Art 1§1, 1§12, 1§15, 1§16 by cruel and unusual punishment, and violation of 28 U.S.C. § 1343 (a) (3) under the color of state law. Also, the defendant here, is in violation of 04-03-103 policy and administrative procedures on neglect of duty, failure to properly investigate, standard of conduct sect (d) (g) (j) (k) (m), code of ethics, insubordinate behavior, insubordination, misconduct, general information, a violation of I.C 4-15-2.2-24 and the grievance process policy.

**Grievance 4: id number 24-176096, continuation of injury**

26. On March 27th, 2024, around 9:00am to 9:20am, the camera in A-dorm housing unit shows defendant, Dr. Richard Wright, and I, the plaintiff, had a private consultation in the case workers office about my previous injury. Defendant, Wright became very disruptive and unprofessional towards I, the plaintiff, after stating my issues with the medical staff, based on the mal practice given towards my treatment. Instead of defendant Wright listening to me as the victim, he began telling me not to come to medical without a pass or medical emergency. Which his actions shows negligence and clearly that my injury was not an severe enough issue, for this medical department based on a back injury, to seek assistance through freedom of speech, when this incident is already documented in the system for a proper review. Defendant Richard Wright, Kayleigh Ash, Karen Casey, Melissa Overstreet, Sara Gatwood, have been slandering I, the plaintiff's name, and showing unfair treatment to my being, and injury, assuming that my injury is not substantial, by the patterns of refusals, I, the plaintiff was receiving. I, stated, these issues to Mr. Wright and nothing was resolved to seek better treatment by other nurses during this injury process. Also, the defendant here, is in violation of 04-03-103 policy and administrative procedures on neglect of duty, failure to properly investigate, standard of conduct sect (d) (g) (j) (k) (m), code of ethics, insubordinate behavior, insubordination, misconduct, general information, a violation of I.C 4-15-2.2-24, and a violation of the 14th amendment of the U.S.C. and Ind. Const. Art 1§1, 1§12, 1§15, 1§16 by cruel and unusual punishment, and violation of 28 U.S.C. § 1343 (a) (3) under the color of state law of the plaintiff.

27. On March 27th, 2024, I, the plaintiff, filed a grievance on defendant Richard Wright's actions by being the medical director.

28. On April 17th, 2024, the defendant Charles Davis receives the grievance.

29. On May 5th, 2024, the defendant Charles Davis responded to the grievance stating that Mr. Wright apologizes and that Mr. Wright was just wanting to talk about the incident occurred. Acknowledging my issues, which were ignored based on my unfair treatment on my injury, the defendant, Charles Davis is in violation of the 8th and 14th amendment of the U.S.C. and Ind. Const. Art 1§1, 1§12, 1§15, 1§16 by cruel and unusual punishment, and violation of 28 U.S.C. § 1343 (a) (3) under the color of state law, and also, the defendant here, is in violation of 04-03-103 policy and administrative procedures on neglect of duty, failure to properly investigate, standard of conduct sect (d) (g) (j) (k) (m), code of ethics, insubordinate behavior, insubordination, misconduct, general information, a violation of I.C 4-15-2.2-24.

30. On May 13th, 2024, I the plaintiff filed a grievance appeal, based on an unresolved issue of the grievance.

31. On June 27th, 2024, which was over thirty (30) days late to respond to the grievance appeal, which shall have been answered on May 8th, 2024, the defendant Nina Hummel stated that she concur with the unresolved matters pertaining to this process for better medical treatment by these listed defendants and that nothing was wrong with the actions of the medical department, director, or other grievance specialist after requesting for a full investigation. Which places her in violation of the the defendant here, is in violation of 04-03-103 policy and administrative procedures on neglect of duty, failure to properly investigate, standard of conduct sect (d) (g) (j) (k) (m), code of ethics, insubordinate behavior, insubordination, misconduct, general information, a violation of I.C 4-15-2.2-24, and the 8th and 14th amendment of the U.S.C. and Ind. Const. Art 1§1, 1§12, 1§15, 1§16 by cruel and unusual punishment, and violation of 28 U.S.C. § 1343 (a) (3) under the color of state law of the plaintiff's rights.

32. On May 13th, 2024, as stated, the defendant, Danny Mitchell-Warden, also concurred with the medical staff treatment against I, the plaintiff, supporting the decision of other grievance specialist, and denied the plaintiff's appeal based on

an apology that was given indirect towards the plaintiff, which did not resolve his issue at hand. This action places defendants Dr. Wright, Charles Davis, Nina Hummel, Danny Mitchell in violation of the 8th and 14th amendment of the U.S.C. and Ind. Const. Art 1§1, 1§12, 1§15, 1§16 by cruel and unusual punishment, and violation of 28 U.S.C. § 1343 (a) (3) under the color of state law by failing to observe the plaintiff's reasons of injury and to properly assist him with the required essentials due to an bodily injury and depriving the plaintiff under the color of state law. Also, the defendant here, is in violation of 04-03-103 policy and administrative procedures on neglect of duty, failure to properly investigate, standard of conduct sect (d) (g) (j) (k) (m), code of ethics, insubordinate behavior, insubordination, misconduct, general information, a violation of I.C 4-15-2.2-24.

**Grievance 5: id number 24-176098, continuation of injury. (1 of 2 parts)**

33. On or about March 28th, 2024 at around, 11:32 am, I, the plaintiff, filed a grievance, because I, the plaintiff was told by the OIC desk officer Ramsey, by a (witnessed Ofc. Mrs.R. Tyree/Masterson), which was notified by defendant, Melissa Overstreet-nurse, to bring the good wheelchair back to medical that has was properly cushioned, with support, that I, the plaintiff switched out during a medical call out shortly before ordered to return the wheelchair. Which was better than the wheelchair I, the plaintiff, was given from the day of March 25th, 2024, by witness nurse Kelly Latini. I, the plaintiff counted three (3) different wheelchairs at that time, broken, in the hallwayin medical, during a medical call out. So, this particular wheelchair was on camera, and also, not in use. Which by medical authorizing I, the plaintiff, not a specific wheelchair, shall have not been told to bring back the wheelchair because of the bias opinions by defendant Melissa Overstreet when she, like other nurses, were informed about the unsupported wheelchair I previously was using. I, the plaintiff was also written a conduct report based on this situation, which was later dismissed, based on errors of investigation, following policy. I, the plaintiff was treated unfair by the medical

staff members, defendant Melissa Overstreet and Mr. Richard Wright. Previous grievances shows unfair treatment by said defendants, on several different occasions throughout this injurious incident. I, the plaintiff received cruel and unusual punishment and deliberate indifferences, failure to prevent, failure to protect, and causing mental/physical/psychological damages, by medical, defendant Melissa Overstreet, RN. Which places her in violation of the 8th and 14th amendment of the U.S.C. and Ind. Const. Art 1§1, 1§12, 1§15, 1§16 by cruel and unusual punishment, and violation of 28 U.S.C. § 1343 (a) (3) under the color of state law. Also, the defendant here, is in violation of 04-03-103 policy and administrative procedures on neglect of duty, failure to properly investigate, standard of conduct sect (d) (g) (j) (k) (m), code of ethics, insubordinate behavior, insubordination, misconduct, general information, a violation of I.C 4-15-2.2-24.

34. On April 17th, 2024, the defendant Charles Davis-Grievance responder received the grievance.

35. On April 17th, 2024, the defendant Diane Pfeiffer, received grievance. She responded on April 29th, 2024.

36. On May 6th, 2024, I, the plaintiff filed a grievance appeal. I, the plaintiff, stating that results were not relieved by the grievance specialist nor the medical staff by their lack of professions, neglect of duties, failure to prevent, failure to protect.

37. On April 29th, 2024, the defendant Nina Hummel, responded to the acceptance of the grievance appeal, and she stated that the issues were addressed and resolved, which were not according to, I, the plaintiff, and which I, the plaintiff continues suffering from the past injury, currently, and unfair treatment given after request are submitted by the plaintiff, by medical staff during visits to medical recently. Also, the defendant here, is in violation of 04-03-103 policy and administrative procedures on neglect of duty, failure to properly investigate, standard of conduct sect (d) (g) (j) (k) (m), code of ethics, insubordinate behavior,

insubordination, misconduct, general information, a violation of I.C 4-15-2.2-24, and a violation of the plaintiff's 8th and 14th amendment of the U.S.C. and Ind. Const. Art 1§1, 1§12, 1§15, 1§16 by cruel and unusual punishment, and violation of 28 U.S.C. § 1343 (a) (3) under the color of state law.

38. On May 27th, 2024, the defendant, Danny Mitchell-Warden, responded stating that he uphold the statement and the decision given by the grievance specialists. Which places the defendant, in violation of the places her in violation of the 8th and 14th amendment of the U.S.C. and Ind. Const. Art 1§1, 1§12, 1§15, 1§16 by cruel and unusual punishment, and violation of 28 U.S.C. § 1343 (a) (3) under the color of state law, and also, is in violation of 04-03-103 policy and administrative procedures on neglect of duty, failure to properly investigate, standard of conduct sect (d) (g) (j) (k) (m), code of ethics, insubordinate behavior, insubordination, misconduct, general information, a violation of I.C 4-15-2.2-24 and the grievance policy.

39. **With all the defendants not investigating the plaintiff's medical situation as the Grievance specialists and the facility head of the Branchville Correctional facility, after the plaintiff exhausted all of his remedies of the said matter, and having responsibility of the plaintiff while being an individual incarcerated at the Branchville Correctional facility, this places all said defendants listed in violation of the 4th,** 8th and 14th amendment of the U.S.C. and Ind. Const. Art 1§1, 1§1 1§12, 1§15, 1§16 by cruel and unusual punishment, and violation of 28 U.S.C. § 1343 (a) (3) by committing a conspiracy under the color of state law by failing to observe the plaintiff's reasons of injury and to properly assist him with the required essentials due to an bodily injury and depriving the plaintiff under the color of state law. Also, the defendant here, is in violation of 04-03-103 policy and administrative procedures on neglect of duty, failure to properly investigate, standard of conduct sect (d) (g) (j) (k) (m), code of ethics, insubordinate behavior, insubordination, misconduct, general information, a violation of I.C 4-15-2.2-24.

**Part 2 of 2:**

40. On March 28th, 2024, filed an additional grievance on the behalf of the defendant Melissa Overstreet targeting and harassing I, the plaintiff, showing I, the plaintiff unprofessionalism in her duties as a registered nurse, due to my injury condition. The wheelchair which was recently spoken about in other grievances, is causing more pain in my lower back and causing my legs to go numb by the circulation being cut off, not giving my lower back, which is connected to my legs, no relief to help, heal this unresolved issue of injury. I spoke of these issues to defendant Overstreet, she failed to assist me, and this caused I, the plaintiff to file an additional grievance on this matter. This day of grievance I was seen by the x ray practitioner, this is where I saw the better wheelchair, and switched it with the unfit one. The behavior displayed by the defendant Melissa Overstreet, places her in violation of the I.D.O.C  04-03-103 policy and administrative procedures on neglect of duty, failure to properly investigate, standard of conduct sect (d) (g) (j) (k) (m), code of ethics, insubordinate behavior, insubordination, misconduct, general information, a violation of I.C 4-15-2.2-24. Also, a continuing pattern of a violation of the plaintiff's ,  8th and 14th amendment of the U.S.C. and Ind. Const. Art 1§1, 1§1 1§12, 1§15, 1§16 by cruel and unusual punishment, and violation of 28 U.S.C. § 1343 (a) (3) by committing a conspiracy under the color of state law by failing to observe the plaintiff's reasons of injury and to properly assist him with the required essentials due to an bodily injury and depriving the plaintiff under the color of state law.

41. **On April 29th, 2024, the defendant Diane Pfeiffer, responded to the grievance, stating that Defendant, Mr. Richard Wright, was going to investigate the situation and solved the problem. (NOTE: Defendant Wright is only recorded depriving I, the plaintiff of proper medical assistance by himself and said defendants as medical staff and failing to protect I, the plaintiff during previous grievance filed on defendant Wright, where the defendant Wright spoke to the plaintiff unprofessionally and ordered the plaintiff to not come to medical without a pass or call out by request, even though the plaintiff had a serious injury already documented). Defendant**

**Diane Pfeiffer, stated that she addressed the situation, which was not resolved after the grievance process here. Which places her in violation again of the plaintiff's ,** 8th and 14th amendment of the U.S.C. and Ind. Const. Art 1§1, 1§1 1§12, 1§15, 1§16 by cruel and unusual punishment, and violation of 28 U.S.C. § 1343 (a) (3) by committing a conspiracy under the color of state law by failing to observe the plaintiff's reasons of injury and to properly assist him with the required essentials due to an bodily injury and depriving the plaintiff under the color of state law and also,  the I.D.O.C  04-03-103 policy and administrative procedures on neglect of duty, failure to properly investigate, standard of conduct sect (d) (g) (j) (k) (m), code of ethics, insubordinate behavior, insubordination, misconduct, general information, a violation of I.C 4-15-2.2-24.

42. Also, on March 28th, 2024, at around 3:26pm, I, the plaintiff, being assisted by (witness inmate Marion T. Haywood #202266), shown on camera, having to go to dinner without something to hold in the wheelchair that would support my back injury, in the unsupportive wheelchair, I was forced to take back after being ordered to bring back the good wheelchair. I, the plaintiff, was using my state issued coat to sit on for support, It was cold outside, but I was told not to use coat in chair unless being worn, by yard officer. I, the plaintiff asked defendant, Melissa Overstreet, for a blanket at least to support my chair until another wheelchair was available, but the answer was no, "medical blankets are only for medical use only". offc. tyree/Masterson is a witness to the bar sticking out of the wheelchair without any support and without cushion, and witnessed the switch of wheelchairs for I, the plaintiff to be treated uncivilized by the medical staff.



Grievance 6°: 2 parts (1 of 2)

43. On March, 31st, 2024, I, the Plaintiff filed a grievance pertaining to a healthcare request slip that was submitted by I, the plaintiff, that was documented into the Medical System to be seen by medical staff. The Medical Slip was submitted on March 27th, 2024, at or around about 5:27pm. During the grievance process the defendant, Diane Pfeiffer, responded stating that, the defendant Marki Hoke is the nurse whom picked up healthcare request slips the day of March 27th, 2024.

Defendant Richard wright, during the previous grievance on this injury stated, individual submit a request, that person will be seen the next day.

By the failure to submit the Plaintiff's healthcare slip, render negligence, neglect of duty, Mal-Practice, failing to take ordinary care, violates the Plaintiff's 8th, 14th Amendment of the U.S.C. along with Ind. const. art 1§1, 1§12, 1§15, 1§16. along with the I.D.O.C. Policy 04-03-103.

On April 29th, 2024, the defendant Diane Pfeiffer, responded to the grievance.

Grievance 6 (1 of 2 parts)

On March 31st, 2024, I, the Plaintiff filed a grievance.

On April 17th, 2024, the Defendant Charles Davis receive grievance.

On April 29th, 2024, the Defendant Diane Pfeiffer, responded to grievance.

On May 6th, 2024, the Plaintiff filed an grievance appeal.

On June 27th, 2024, the defendant Nina Hummel, responded, upholding the negative actions of other Defendants.

On April 29th, 2024, the defendant Nathan Hoffman responded as the Designee.

and agreed with the findings and statements
given by previous defendant's during the
grievance process. Which is a violation of
the Plaintiff's 8th, 14th, Amendment of the
U.S.C. along with Ind. const. art. 18 1, 18 12, 18 15,
18 16, violation of the 28 U.S.C. § 1343 (2)(3),
and I.D.O.C. Policy 04-03-103.


Continuing process: Part 2  (2 of 2)


On March 31st, 2024, I, the Plaintiff filed
an additional grievance subsequent to grievance
Part (1) simply because I was forced to
move back on the top bunk with a back
injury that occurred not approximately,
ten (10) days before. I was not seen by the
Medical Staff by the failure of the defendant
Marla Hoke's, neglect of duty to submit
my healthcare slip filed on March 21th,
2024, which if it would have been taking
in consideration to give ordinary care, I,
the Plaintiff may of been re-issued a new
lay-in for the bottom bunk. By the failure to
protect, failure to take ordinary care, failure to
assist, and failure to prevent neglect, caused
the Plaintiff to suffer more by having to

Climb on a top bunk with a back injury, and no latter to at least climb on. This causes a violation of the 8th, 14th Amendments of the U.S.C. and Ind. Const. art 1§1, 1§12, 1§15, 1§16, of the Plaintiff's rights and 04-03-103 policy of the I.D.O.C. by Medical Staff, defendants, Martz, Heke, Mr. Richard Wright, Melissa Overstreet, Kaleigh Ash, Sara Gatwood.

IV.    Cause of Action

I allege that the following of my Constitutional rights, privileges, or immunities have been violated and that the following facts form the basis of my allegations.

On March 22nd, 2024, the plaintiff, slipped and fell on some water on the floor on camera in A-dorm dayroom. The defendant Justin Latini (sgt.) and other, watched, (witnessed) the plaintiff's injury, also during this incident, the defendant's where observed laughing at the matter of injury. Continued along with their actions without assisting the plaintiff. This places the Defendant in violation of the 8th, 14th, amendments along with Ind. Const. art 1§1, 1§16, 1§12, 1§14. violation of the 18 U.S.C. §§ 1985 1986 for discrimination on incarcerated individual, and violation of I.D.O.C. Policy 04-03-103.

On March 24th, 2024, filed a grievance based on failure to assist, failure to protect, Mal-practice, unfair treatment, deliberate indifference, on the plaintiff by the Defendant, Medical assistant Karen Casey, violated

the 8th, 14th, Amendments of the U.S.C. along
with Ind. const. art 1§1, 1§12, 1§14, 1§15, 1§16,
also violated the I.D.O.C. Policy 04-03-103,
neglect of duty, failure to investigate properly,
Standard of Conduct sect (d)(g)(J)(K)(m),
code of ethics, insubordinate behavior,
insubordination, misconduct, general information,
and training by being an employee of the
I.D.O.C. and Centerion Healthcare.


🖋 On March 24th, 2024, I, the Plaintiff was
repeatedly, treated unfair, failed to be assisted,
failure to protect, Mal-Practice, treated with
unneccessary rigor, excessive force, deliberate
indifference by the defendant, Karen Casey,
along with Sgt. Smith, Sgt. Faulkner,
Ofc. Henning (which is not employeed
currently). These actions violated the 4th
Amendment of an unlawful seizure, along
with Ind. const. art 1§1, 1§11. Violation of
the 8th, 14th amendment of the U.S.C. along
with Ind. const. art 1§1, 1§12, 1§14, 1§15, 1§16.
and violation of 42 U.S.C. §§ 1985, 1986
for discrimination on a Incarcerated individual.
by depriving and failure to prevent action of
neglect, and violation of I.D.O.C Policy

04-03-103 ,

**W.** On March, 27th, 2024, I, the Plaintiff rights was violated by defendant Mr. Richard Wright · Medical Director, after having a private consultation, defendant became very disruptive and unprofessional towards I the plaintiff. Defendant made Statements only protecting his medical Staff, which are defendants, and failing to assist, failing to protect, Showing deliberate indifference towards the plaintiff as a incarcerated individual, against Medical Staff, failure to listen to the Plaintiff as the injured person, the Defendant negligence also violated the Plaintiff's 8th, 14th Amendment of the U.S.C. along with Ind. const. art 1§1, 1§12 , 1§15, 1§16, and violation of the I.D.O.C. Policy 04-03·103.

## Exhaustion Of Available Remedies

### Grievance: 1

On March 22nd, I Petitioner filed a grievance.

On April 22nd, 2024, the defendant, Diane Pfeiffer, grievance Specialist responded to acceptance of the grievance.

On April 22nd, 2024, the defendant, Charles Davis, responded to grievance.

On July 3rd, 2024, the defendant, Matthew Brown, responded to grievance.

On May 14th, 2024, the defendant, Warden, Danny Mitchell responded on the final Stage of the facility.

### Grievance 2:

On March 24th, 2024, I, the defendant, filed a grievance.

On April 22nd, 2024, the Defendant, Diane Pfeiffer, received grievance.

On May 15th, 2024, I the Plaintiff, filed a grievance appeal.

On July 3rd, 2024, the defendant Matthew brown, concurred with the othe defendants on the refusal by the medical assist on his response to grievance appeal.

On May 14th 2024, Defendant, Danny Mitchell, concurred with other defendants on final stage of appeal.

Grievance 3:

On March 24th, 2024, I plaintiff, continued the grievance process.

On April 18th, 2024, the defendant, Charles Davis, accepted plaintiff's grievance.

On April 18th, 2024, the Defendant Diane Pfeiffer received grievance.

On May 13th, 2024, I, the plaintiff, filed a grievance appeal.

On May 24th, 2024, defendant, Charles Davis responded to the grievance.

On June 17th, 2024, defendant, Diane Pfeiffer, responded.

Grievance 4:

On March 27th, 2024, I, the Plaintiff filed a grievance

On April 1st, 2024, the defendant, Charles Davis recieves the grievance.

On May 5th, 2024, the defendant Charles Davis, responded to the grievance.

On May 13th, 2024, I, the plaintiff filed a grievance appeal.

On June 27th, 2024, Defendant Nina Hummel, responded, stated that she concur with the unresolved matters pertaining to the medical process.

On May 13th, 2024, the defendant, danny Mitchell, concurred with other defendants.

Grievance 5: ( 1 of 2 parts)

On March 28th, 2024, I, the plaintiff filed a grievance.

On April 14th, 2024, the defendant charles Davis. Grievance, responder, recieved grievance.

On April 17th, 2024, defendant Diane Pfeiffer, recieved grievance.

On May 6th, 2024, I, the plaintiff, filed a grievance appeal.

On April 29th, 2024, the defendant, Nina Hummel, responded to the acceptance of the grievance appeal, Stating issue was resolved.

On May 27th, 2024, the Defendant, Danny Mitchell, responded, upholding Statements of other defendants.

( 2 of 2 parts)

On March 28th, 2024, I, Plaintiff filed an additional grievance on the behalf of the defendants; of the Medical department;

One April 14th, 2024, the defendant Charles Davis recieve grievance.

One April 29th, 2024, the defendant Diane Pfeiffer, responded to grievance, stating Mr. Wright will investigate. She also, stated Nurse Marla Hoke, defendant, was the confirmed defendant that picked up Medical request slips, at 8:51 pm on March 28th, 2024. Defendant, Diane Pfeiffer, acknowledged the issue in complaint and stated the issue was addressed (which it clearly was not).

One May 6th, 2024, the Plaintiff filed an grievance appeal on this issue.

On June, 27th, 2024, the defendant Nina Hummel, responded upholding the negative actions of the Defendant(s) Nurse Marla Hoke, Diane Pfeiffer.

On April 29th, 2024 (which is impossible) the defendant Nathan Hoffman responded as the Designee, but if you notice the grievance appeal stage was answered almost (2) months later passed the time to answer. Which is the stage before the Warden or designee. The actions occurred was fraud, negligence, carelessness by grievance Specialist staff). The Defendant uphold a

( 2 of 2 parts)

One March 31st, 2024, I, the Plaintiff, filed an
additional grievance subsequent to grievance part
(1).

Claim for Relief

Cruel and unusual punishment:

A. The Defendants, et al, are employed at Branchville Correctional facility failed to protect, failed to take ordinary care, neglected their Duties, negligence, cruel unusual punishment, unfair treatment, failure to prevent harm, Misconduct, physical restraint, Mental restraint, deliberate indifferences, potential danger, verbal abuse, in violation of the plaintiff's 8th Amendment of the U.S.C and Ind. Const. art 1 §16.

B. Retaliation:

The defendants, Sgt. Smith, Sgt. Faulkner, Melissa Overstreet, Karen Casey, did retaliate against the plaintiff after the plaintiff's perspective, and requests for assistance by all defendants, and recieved a form of a punishment by retaliation under 18.U.S.C. 1985 and 1986 for discrimination and retaliation.

C. Civil conspiracy under Color of State law:

The defendants, et. al, are all in violation of the plaintiff's 28 U.S. C§ 1343(a)(3) rights by conspiring to violate other rights and laws and policy's of the Indiana Constitution and I.D.O.C. during this entire process.

D. The Defendants, et. al, are all in violation of the Plaintiff's 14th Ammendment of the U.S.C. rights by depriving him of his liberty and property and policy's of the Indiana Constitution and I.D.O.C. during this process.

# REQUEST FOR RELIEF

I request the following relief:

WHEREFORE, Plaintiff, Steven E. Mackey Jr., by proper, under the UCC 1-308, In necessity, requests that this Court grants the following relief:

A. Declare defendants did violate the plaintiff's rights stated above.

B. Issue an injunction relief for a complete re-adusement of issues, (1) to address the grievance process more professional and protective for the plaintiff's/defendants incarcerated in Branchville Correctional facility, (2). Medical should be Retrained or terminated by the negligence, lack of ordinary care, unprofessional actions, unfair treatment, 3). The defendant, Warden-Danny Mitchell, should take grievances filed by incarcerated individuals more serious instead of failing to properly investigate, and (4) Change the policy of J.D.O.C. to enforce facilities like Branchville Correctional facility staff to follow I.D.O.C.'s policy stated above.

C. Award compensatory damages for plaintiff's physical, mental, and reputational injuries to his person in the amount of # 10,000 per person/ defendant / individual in their individual capacity and or; a total of $176,000 in their official capacity of the defendants for a continuance of injury to the plaintiff.

D. Grant Plaintiff such other relief as it may appear Plaintiff is entitled to.

_Steven E. Mackey Jr_        _Steven E. MacKey Jr._

(Original Signature of plaintiff (pro per)        Name:

( without prejudice UCC 1-308)

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he / she is the plaintiff in the above action, that he / she has read the above complaint and that the information contained in the complaint is **true and correct.**

Executed at ~~ST JOSEPH County Jail~~
~~2401 West sample St.~~ on ~~7 - 10 - 2025~~ .
(Location) South Bend, In 46601    (Date)

Steven E Mackey Jr
**Prisoner's Original Signature** Pro-per
( without prejudice UCC 1-308)

Steven L. Mackey Jr.
#385209  G614
St. Joseph County JAIL
401 West Sample Street
South Bend, Indiana 46601



UNITED STATES POSTAL
PACKAGE SCREENED BY
X-RAY/MAGNETOMETER

FILED
JUL 22 2025
U.S. DISTRICT COURT
EVANSVILLE, INDIANA

UNITED STATES DISTRICT COURT
For the SOUTHERN DISTRICT of INDIANA
UNITED STATES COURT HOUSE
WINFIELD K. DENTON FEDERAL BUILDING
101 N.W MARTIN Luther King Jr., B
Evansville, Indiana 47708